Craig Friedberg, Esq.
LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 4606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
(702) 435-7968 – telephone
attcbf@cox.net

Michael R. Bertucci, Esq.[1]
AGRUSS LAW FIRM, LLC
Illinois Bar No.: 6326591
4809 N. Ravenswood Avenue, Suite 409
Chicago, IL 60640
(312) 224-4695 – telephone
(312) 253-4451 – facsimile
mbertucci@agrusslawfirm.com

*Attorney for Plaintiff* PRESCILLA PETRILLO

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PRESCILLA PETRILLO, | ) |
| Plaintiff, | ) Case No. 3:22-cv-261 |
| v. | ) |
| PINNACLE SERVICES INC dba SUMMIT COLLECTION SERVICES, | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, PRESCILLA PETRILLO ("Plaintiff"), by and through her attorneys[2], alleges the following against Defendant, PINNACLE SERVICES INC. dba SUMMIT COLLECTION SERVICES ("Defendant"):

**NATURE OF ACTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

---
[1] Illinois counsel will comply with LR IA 11-2 and move for pro hac vice admission within 45 days.

1

2. Count II of Plaintiff's Complaint is based on the Nevada Deceptive Trade Practices Act, NRS 598 et seq. and NRS 41.600 ("NDTPA").

## JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Reno, Washoe County, Nevada.

8. Plaintiff is a consumer as that term is defined by the FDCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in the city of Reno, Washoe County, Nevada.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant

sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff allegedly originating with Aesthetics Medical Training, LLC.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. Plaintiff does not owe the alleged debt that Defendant is attempting to collect from her.

22. On or about June 7, 2021, Defendant sent Plaintiff a collection letter.

23. The above-referenced letter stated that Defendant was making a "formal demand" for the full amount of the alleged debt.

24. The above-referenced letter stated that Defendant has been instructed to take action against Plaintiff.

25. The above-referenced letter further stated that if Plaintiff did not make payment in full within thirty-days of receiving the letter, then Defendant would report the alleged debt to the National Credit Bureau.

26. On or about June 14, 2021, Defendant began placing collection calls to Plaintiff on Plaintiff's cellular telephone number at 916-622-1869, in an attempt to collect the debt.

27. Defendant calls Plaintiff from 775-323-1588, which is one of the phone numbers belonging to Defendant.

28. On or about June 14, 2021, Defendant left the following voicemail message for Plaintiff, "Matt Bennett for Priscilla and David Petrillo, 775-323-1588. Please return the call Monday through Friday, referencing 157-121. Today the 14th. Matt Bennett, 323-1588, area code 775. Can also reach my receptionist at 775-323-1898."

29. On or about June 16, 2021, Defendant left the following voicemail message for Plaintiff, "Matt Bennett for Priscilla and David Petrillo. 775-323-1588. Second message. Today the 16th.

Please return the call referencing 157121. Matt Bennett, 775-323-1588, for Priscilla and David Petrillo. Thank you."

30. On or about June 18, 2021, Defendant called Plaintiff's husband on his cellular telephone and left the following voicemail message, "Matt Bennet for David and Prescilla Petrillo 775-323-1588 please return the call Friday mornings referencing 157121 at Bennet 775-323-1588 and also reach my receptionist at 775-323-1898 Monday through Friday."

31. With regard to the above-referenced voicemail messages,
    a. The numbers 775-323-1588 and 775-323-1898 belong to Defendant;
    b. Defendant's collector fails to identify that he is calling from Summit Collection Services, Inc.;
    c. Defendant's collector fails to state that the communication is an attempt to collect a debt.

32. On or about June 18, 2021, Plaintiff called Defendant back and requested that Defendant provide verification of the alleged debt.

33. On or about June 25, 2021, Defendant sent Plaintiff a written verification of the alleged debt.

34. The above-referenced verification of the alleged debt includes incorrect, incomplete, and false information.

35. Defendant's collectors were working within the scope of their employment when communicating with Plaintiff.

36. Defendant's collectors are or should be familiar with the FDCPA.

37. Defendant's collectors know or should know that the FDCPA requires a debt collector to disclose the caller's identity when communicating with a consumer.

38. To date, Defendant has not reported the account to the National Credit Bureau as it threatened to do in its letter of June 7, 2021.

39. In or around May or June, 2022, Defendant again stated that it was going to sue Plaintiff to collect the debt despite Plaintiff not owing the debt.

40. Defendant files lawsuits against consumers to collect debts.

41. As a result of Defendant's violations of law by making legal threats against Plaintiff for a debt

she does not owe, and by placing calls to Plaintiff's cellular telephone without identifying the caller and without stating the caller is a debt collector, and by placing these calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Creating an imminent injury in fact;
   b. Invading Plaintiff's privacy;
   c. Electronically intruding upon Plaintiff's seclusion;
   d. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;
   e. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone;
   f. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls; and
   g. Causing Plaintiff to experience stress and anxiety as a result of Defendant's empty threats to report the alleged debt, which Plaintiff does not owe, to the National Credit Bureau.

42. Defendant engaged in the foregoing conduct with the intent to annoy, abuse and/or harass Plaintiff.

43. Defendant engaged in the foregoing conduct in an attempt to coerce payment into paying for a debt that she does not owe.

## COUNT I:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff repeats and realleges paragraphs one (1) through forty-one (41) as though fully set forth herein under Count I.

45. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d(6) of the FDCPA by communicating with Plaintiff without meaningful disclosure of the caller's identity, when Defendant's collectors left

communications for Plaintiff on Plaintiff's cellular telephone and did not disclose the communication is from Summit Collection Services, Inc.;

b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in the conduct alleged herein;

c. Defendant violated § 1692e(2)(A) of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt by falsely representing the character, amount, or legal status of the alleged debt, when Defendant attempt to collect a debt from Plaintiff that Plaintiff does not owe;

d. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken and that is not intended to be taken, when Defendant threatened to report the alleged debt to the National Credit Bureau if Plaintiff did not make payment in full—tactics which Defendant used to unlawfully attempt to coerce Plaintiff into paying the alleged debt that she does not owe;

e. Defendant violated § 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, when Defendant threatened to report the alleged debt to the National Credit Bureau if Plaintiff did not make payment in full—tactics which Defendant used to unlawfully attempt to coerce Plaintiff into paying the alleged debt that she does not owe;

f. Defendant violated § 1692e(10) of the FDCPA by using false representations or deceptive means in connection with the collection the alleged debt, when Defendant attempted to unlawfully coerce Plaintiff into paying an alleged debt that she does not owe;

g. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant's collectors left communications for Plaintiff on Plaintiff's cellular telephone and did not disclose the communication is from a debt

      collector and in an attempt to collect a debt; and

    h. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

## COUNT II:
## VIOLATIONS OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT

46. Plaintiff repeats and realleges paragraphs one (1) through forty-one (41) as though fully set forth herein under Count II.

47. The foregoing acts and omissions constitute numerous and multiple violations of the NDTPA.

    a. Defendant's conduct violated NRS 598.0923(3) by violating the FDCPA, a federal statute, in Defendant's attempt to collect on a consumer debt, allegedly owed by the Plaintiff, which was owed for goods and/or services; and

    b. Through each and every violation of the NDTPA, Defendant committed "consumer fraud" as defined by NRS 41.600(2)(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PRESCILLA PETRILLO, respectfully requests judgment be entered against Defendant, PINNACLE SERVICES INC. dba Summit Collection Services for the following:

48. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

49. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

50. As a result of each and every violation of the NDTPA and act of "consumer fraud" by Defendant, Plaintiff is entitled to damages pursuant to NRS 41.600(3)(a);

51. Equitable relief that the Court deems appropriate, pursuant to NRS 41.600(3)(b); and

///

///

///

52. Costs and reasonable attorneys' fees pursuant to NRS 41.600(3)(c).

DATED: June 9, 2022

Respectfully submitted,
LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.

By: /s/ *Craig Friedberg*
Craig Friedberg
-and-
Michael R. Bertucci, Esq.
AGRUSS LAW FIRM, LLC
Illinois Bar No.: 6326591
4809 N. Ravenswood Avenue, Suite 409
Chicago, IL 60640
(312) 224-4695 – telephone
(312) 253-4451 – facsimile
mbertucci@agrusslawfirm.com

Attorneys for Plaintiff PRESCILLA PETRILLO