**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

PRESCILLA PETRILLO,

Plaintiff,

v.

PINNACLE SERVICES, INC.,

Defendant.

Case No. 3:22-cv-00261-MMD-CLB

**ORDER GRANTING IN PART AND DENYING IN PART EMERGENCY MOTION TO COMPEL AND DENYING MOTION TO STRIKE LATE FILED REPLY**

[ECF Nos. 16, 22]

"Discovery is supposed to proceed with minimal involvement of the Court. Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention only in extraordinary situations that implicate truly significant interests." *Cardoza v. Bloomin' Brands*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (citations and internal quotations omitted). This case involves a civil action filed by Plaintiff Prescilla Petrillo ("Petrillo") against Defendant Pinnacle Services, Inc., dba, Summit Collection Services ("Summit"). The current motion pending before the Court is an example of an issue that should have been resolved, and in many respects, was resolved prior to the filing of the document. Such conduct will not be tolerated in the future.

Specifically, before the Court is Petrillo's emergency motion to compel discovery and request for sanctions, which alleges that Pinnacle failed to properly respond to certain discovery requests. (ECF No. 16.) Summit responded, (ECF No. 20), pointing out that it provided supplemental discovery responses to the disputed discovery requests prior to the filing of the current motion. Petrillo replied. (ECF No. 21).[1] In her reply, Petrillo acknowledges that at least some of the supplement responses, which were

[1] Petrillo's reply was filed late. Pursuant to the Local Rules, the reply was due 7 days after service of the response, which was January 31, 2023. LR 7-2(b); ECF No. 20. Petrillo filed the reply on February 14, 2023—a full week past the deadline. Summit filed a motion to strike the reply as untimely. (ECF No. 22.) While the Court agrees the reply was untimely, the Court in its discretion, will consider the reply in resolving the motion to compel. Thus, the motion to strike is denied.

provided prior to the filing of the motion, were responsive. For the reasons stated below, Petrillo's emergency motion to compel, (ECF No. 16), is granted in part and denied in part.

## I. BACKGROUND

Petrillo filed a complaint against Summit on June 9, 2022, alleging claims for violation of the Fair Debt Collection Practices Act ("FDCPA") and the Nevada Deceptive Trade Practices Act against Summit. (ECF No. 1.) The complaint alleges that Summit violated the FDCPA by communicating with Petrillo without disclosure of the caller's identity and by using false, deceptive, or misleading representations in Summit's tactics to collect an alleged debt from Petrillo, that she claims is not owed. (*Id.*) The complaint also alleges that the actions of Summit violated NRS 598.0923(3) and constitute "consumer fraud" as defined by NRS 41.600(2)(e). Summit denies all allegations of wrongdoing and claims this to be a frivolous lawsuit. (ECF Nos. 9, 20.)

Summit filed its answer on July 12, 2022. (ECF No. 9.) On July 15, 2022, the Court issued a civil Standing Order, (ECF No. 11), and directed the parties to file a joint case management report ("CMR"), (ECF No. 12). On August 26, 2022, the parties submitted a joint CMR that included a proposed discovery plan and scheduling order, (ECF No. 13), which the Court adopted. (ECF No. 14.) The scheduling order set the close of discovery for May 1, 2023. (*Id.*)

On October 4, 2022, Petrillo served Summit her first set of discovery requests. (ECF Nos. 16, 20.) On November 3, 2022, Summit served its responses to Petrillo's first set of discovery requests. (*Id.*) According to Petrillo's counsel, soon after Summit's responses were served on Petrillo, there were several calls between the parties where Petrillo's counsel raised concerns with some of Summit's responses. (ECF No. 16).

In an email sent on November 23, 2022, Petrillo's counsel asks Summit's counsel "if any of Defendant's employees spoke to Plaintiff prior to June 14, 2021."[2] (*Id.*)

---

2 This question is notably absent from Petrillo's interrogatories, and as a material

Summit's counsel did not respond. (ECF No. 16.) Petrillo's counsel repeatedly posed the same question in subsequent emails to Summit's counsel on December 2, 2022, December 9, 2022, and December 14, 2022. (*Id.*) Thereafter, the parties' counsel met telephonically to discuss Petrillo's concerns regarding Summit's responses to Petrillo's first set of discovery. (*Id.*)

On December 28, 2022, Petrillo served Summit with a letter titled "Plaintiff's Rule 37 Letter in Petrillo v. Pinnacle Services." (*Id.*) This letter itemized and detailed each of Petrillo's concerns with Summit's responses. (*Id.*) On January 5, 2023, counsel for the parties and Summit's owner met telephonically and narrowed the various discovery issues to only Interrogatory Nos. 7, 14, and 15. (*Id.*) Counsel for Petrillo once again asked several material questions outside of clarifying the discovery dispute. (*Id.*) Summit agreed to amend the discovery responses and the parties agreed that counsel for Petrillo would memorialize the conversation in an email, which Petrillo's counsel did on January 5, 2023. (*Id.*) Summit alleges that the January 5, 2023 email does not accurately reflect the telephone conversation and provided an unagreed-to deadline of the next day to amend the responses. (ECF No. 20.)

On January 9, 2023, Summit's counsel emailed Petrillo's counsel to alert him that employees were out of the office and Summit "should be able to" amend the responses by Friday afternoon on January 13, 2023. (ECF No. 20.) Petrillo's counsel responded to the email on the same day, agreeing to the extension to send the supplemental responses and discussed the possibility of filing a joint extension of deadlines. (*Id.*) Summit did not send the responses on the afternoon of January 13, 2023. (*Id.*) The following Monday, January 16, 2023, was a federal holiday. (*Id.*) On January 17, 2023, at 9:16 AM, Summit sent Petrillo the supplemental response to Interrogatory Nos. 7, 14,

---

question in the case, was improperly directed to counsel rather than to Summit. *See Hirt v. Unified Sch. Dist. No. 287*, 308 F. Supp. 3d 1157, 1178 (D. Kan. 2018) ("directing a discovery request to counsel, rather than a party, is inappropriate under Fed. R. Civ. P. 33."). Summit cannot be faulted for a lack of response to this specific question because the interrogatory was improperly posed to counsel.

and 15. (*Id.*) On January 17, 2023, at 9:50 AM, Petrillo filed the instant emergency motion to compel discovery. (ECF No. 16.)

## II.     LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In analyzing proportionality, the Court must consider the need for the information sought based upon "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an order to compel discovery bears the initial burden of informing the court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN, 2019 WL 4274010, at *1 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.")

## III. DISCUSSION

### A. Petrillo's Procedural Violations

Prior to reaching the merits of the Petrillo's motion, the Court must first address Petrillo's various procedural violations in filing the instant motion.

#### 1. Standing Order

First, the filing of Petrillo's emergency motion to compel occurred *prior to* Petrillo filing a "Motion Regarding Discovery Dispute" in violation of the Court's Standing Order dated July 15, 2022. (ECF No. 11 at 3.) "Pursuant to LR 1-1(b)(2), the court requires the parties to follow the following informal discovery dispute procedure. No discovery motion may be filed until this procedure has been followed and such briefing is ordered by the court." (*Id.*) Failure to comply with these rules and orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions. (*Id.* at 1.) Both parties, including Petrillo, were ordered to utilize this informal discovery dispute procedure prior to filing a formal discovery motion. Petrillo violated both the Court's Standing Order and the Local Rules, as she failed to follow the procedures of LR 1-1(b)(2) by filing her discovery motion prematurely.

#### 2. Emergency Motion

Next, the filing of Petrillo's "emergency" motion to compel occurred without following the procedures communicating an emergency to the Court as required by LR 7-4. (ECF No. 11 at 4.) Pursuant to Local Rule 7-4, "[e]mergency motions should be rare. A party or attorney's failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency." LR 7-4. The Local Rule details written requirements of an emergency motion, which include a declaration setting forth the nature of the emergency and a meet-and-confer certification in light of the emergency. Here, none of the written requirements were included in Petrillo's motion. (ECF No. 16). The lack of facts setting forth the nature of the emergency establishes that there was no emergency justifying the motion—again violating the Local Rules.

///

**3. Meet-and-Confer**

Local Rule IA 1-3(f) requires "[a] party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention." Additionally, Local Rules allow "the [C]ourt [to] impose appropriate sanctions under LR IA 11-8 for a party's failure to comply with the meet-and-confer requirement… [and] [f]ailure to make a good-faith effort to meet and confer before filing any motion to which the requirement applies may result in denial of the motion." Here, counsel for Petrillo did not attach a such a declaration nor certification that the meet-and-confer requirements were met. The email exchange tendered by Petrillo does not satisfy this rule. (ECF No. 16.) In fact, the record shows the parties engaged in one telephonic meeting on January 5, 2023 prior to filing of this motion. (*Id.*) This is unacceptable. Parties should have a propensity to prematurely solve discovery issues themselves, rather than prematurely file emergency motions with the Court. This point is underscored by the fact the Petrillo had her answer to Interrogatory No. 7 ***before*** filing the current motion, which explains why argument for this interrogatory was omitted from her reply. (ECF No. 21.) Therefore, Petrillo has violated Local Rules by failing to properly meet and confer.

Any one of these violations would justify denying the motion to compel. However, to avoid any further delay or expense associated with resolving the substantive issues raised in the motion to compel, the Court will reach the merits of the motion. However, Petrillo and her counsel are advised and cautioned that any future failures to follow the Court's orders, the Rules of Civil Procedure, and/or the District of Nevada's Local Rules when filing any motions will likely result in the motion being summarily denied and the imposition of sanctions.

**B. Interrogatories**

Turning to the merits of the motion, Petrillo takes issue with Summit's responses

to Interrogatories Nos. 7, 14, and 15. A party may propound interrogatories related to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(2). A party is obligated to fully respond in writing under oath, and the response must be signed by the answering party. Fed. R. Civ. P. 33(b)(3), (5). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2). However, if an interrogatory is objectionable, the objection must be stated with specificity. Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). A district court has broad discretion in deciding whether to require answers to interrogatories. *See* 8B Wright & Miller, Federal Practice and Procedure § 2176 (3d ed. 2021).

A responding party is not generally required to conduct extensive research to answer an interrogatory, but a reasonable effort to respond must be made. *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, 2007 WL 2781132, *2 (E.D. Cal. Sept. 21, 2007). This does require that the responding party must conduct a search for relevant information and must answer interrogatories after a diligent search. *F.D.I.C. v. Halpern*, 271 F.R.D. 191, 193-94 (D. Nev. 2010). Thus, a responding party "cannot limit its interrogatory answers to matters within its own knowledge and ignore information immediately available to it or under its control". *Id.*

The Court will address each disputed interrogatory in turn.

**1. Interrogatory No. 7**

Petrillo submitted an untimely reply to Summit's opposition in support of this motion on February 14, 2023. (ECF No. 21.) Petrillo implicitly concedes in the reply that Summit has sufficiently responded to her request, and the Court agrees. Therefore, the Court will not and cannot compel Summit to do what it has already done. Thus, the motion to compel is denied as moot as it relates to Interrogatory No. 7.

**2. Interrogatory No. 14**

| **Interrogatory No. 14** | State in detail the facts upon which you rely for each affirmative defense listed in your Answer. |
|---|---|
| **Initial Response** | Defendants rely on the FDCPA, Nevada Revised Statutes, |

| | |
|---|---|
| | the copious amounts of case law and decisions from State, Circuit, and Supreme Courts. |
| **Plaintiff's Argument** | Defendant's answer does not include any facts, as requested by the interrogatory. |
| **Amended Response** | Defendant relies on the answer originally above provided. Additionally, Defendant will rely on any other documents produced by any other party in this case and any other documents produced by any party prior to or during Trial. Defendant's investigation and discovery is continuing, and thus reserves the right to supplement, amend, or otherwise change their response to this interrogatory without limitation. |

(ECF No. 16 at 9, ECF No. 20 at 26.)

Petrillo argues that the Court should compel discovery of the facts upon which Summit relies for each affirmative defense in its answer. (ECF No. 16.) Summit alleges 17 separate affirmative defenses in its answer. (ECF No. 9 at 6-9.) Summit does not expressly address this interrogatory response in its opposition to this motion, nor does it ever expressly object to the interrogatory itself. (ECF No. 20.)

"Interrogatories which seek opinions or contentions that call for the application of law to facts are proper, and an interrogatory may properly inquire into a party's contentions in the case." *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006). This type of contention interrogatory is allowed under the federal rules and "is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact[.]" Fed. R. Civ. P. 33(a)(2); *See also National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) (Requiring a defendant to answer a contention interrogatory and to produce documents that support its affirmative defenses is consistent with the Federal Rules of Civil Procedure). However, "contention interrogatories' are overly broad and unduly burdensome on their face if they seek all facts supporting a claim or defense, such that the answering party is required to provide a narrative account of its case." *Id.* Some courts have waived affirmative defenses where a defendant refuses to answer these types of contention interrogatories. *See Mandarini v. Accurate Engineered Concrete, Inc.*, 433 F. Supp. 3d 186, 197 (D. Mass. 2019) ("A defendant may not assert an

affirmative defense, unreasonably refuse to answer discovery, and then, as here, seek summary judgment on that defense.")

A factual basis for an affirmative defense is not simply general citations to authorities and bodies of law, as Summit has answered. Therefore, it does not appear that Summit has sufficiently answered Petrillo's Interrogatory No. 14 because there are 17 affirmative defenses listed in its answer and Summit must provide some factual basis (not legal basis) for its claims and allegations that require factual support. (ECF No. 9).[3]

Thus, the Court grants the motion to compel as to Interrogatory No. 14 and orders Summit to provide a supplemental response to Interrogatory No. 14 within 14 days of the date of this order.

**3. Interrogatory No. 15**

| **Interrogatory No. 15** | Identify and describe each communication, or attempted communication, between Defendant and Plaintiff, or any third person, which was made in connection with the collection of the alleged debt Defendant is contacting Plaintiff about, by stating the following:<br>a. The name and alias of the individual initiating the communication;<br>b. The name of the person and/or description of the person to whom the communication was directed;<br>c. The date and time of the communication;<br>d. The method of the communication (e.g. letter, phone call, e-mail, text message, in-person, etc.);<br>e. A detailed description of the substance of the communication, (do not simply refer to collection notes);<br>f. Identification of all witnesses to or participants in the communication; and<br>g. Any actions taken by any Defendant as a result of the communication. |
|---|---|
| **Initial Response** | (a) Debbie Turner aka Debbie Clark.<br>(b)-(e): See Exhibit #1 of Defendants first set of Production of Documents |

[3] In the response, Summit points out that Petrillo's own responses to Summit's discovery are also improper. (ECF No. 20 at 30-32.) As with Summit's responses to Interrogatory No. 14, Petrillo's general citations to authorities and bodies of law are not a factual basis for allegations in a complaint, either. Thus, it appears both parties have insufficiently asked and answered similar interrogatories. (*Id.*) However, this does not negate Summit's obligations to properly respond to Petrillo's Interrogatory No. 14.

| | |
|---|---|
| | (f): The only witnesses know are the individuals described on the specific dates and times as Documented in Exhibit #L of Defendants first set of Production of Documents<br>(g): See Exhibit #1 of Defendants first set of Production of Documents |
| **Plaintiff's Argument** | Defendant's Exhibit #1, the Report, does not answer any part of the interrogatory, other than the name of one individual who initiated one communication. The Report does not identify which notes demonstrate that a communication took place, let alone the date, method, or substance of the communications, as requested by the interrogatory. |
| **Amended Response** | Defendant relies on the answer(s) originally provided as shown above. Exhibit #1 of Defendant's First Answers to Plaintiff's First Request for Production of Documents dated November 02, 2022. Defendant clarified in their amended answer to Interrogatory #7 the meaning of the abbreviations as requested by Plaintiff. Additionally, Defendant will rely on any other documents produced by any party prior to or during Trial. Defendant's investigation and discovery is continuing, and thus reserves the right to supplement, amend, or otherwise change their response to this interrogatory without limitation. |

(ECF No. 16 at 7-8, ECF No. 20 at 27.)

Petrillo argues that the Court should compel discovery of the caller identity and description of each communication, or attempted communication, between Defendant and Plaintiff, made in connection with the collection of the alleged debt. (ECF No. 16.) Petrillo also demands details of each communication, such as date/time and method. (*Id.*) Summit argues that it provided this information in its initial response, which included a reference to a business record which was included in its first response to Petrillo's Request for Production. (ECF No. 20.)

"A party's interrogatory response may refer to business records or abstracts only if the burden of deriving or ascertaining the answer will be substantially the same for either party." *Lawman v. City & Cty. of San Francisco*, 159 F. Supp. 3d 1130, 1140 (N.D. Cal. 2016)[4] (internal quotation marks and citation omitted); Fed. R. Civ. P. 33(d). Here,

---

[4] In Petrillo's reply, Counsel selectively quotes this case and deceptively omits the very words that contradict his argument by using ellipses. The Court strongly cautions counsel to refrain from such unethical behavior and reminds counsel of his Duty of Candor to the Court. "(a) A lawyer shall not knowingly: (2) Fail to disclose to the tribunal

the referenced exhibit shows itemized communications between the parties that were logged by Summit, in what appears to be its normal course of business. (ECF No. 16 at 25-28.) The communications include short-hand notes, email text, and abbreviations. (*Id.*) Indeed, these abbreviations are non-standard and are likely unique to the debt collection industry or Summit itself; and without explanation would burden Petrillo in "deriving or ascertaining the answer" to this interrogatory. *Lawman*, 159 F. Supp. 3d at 1140. However, as addressed above in Interrogatory No. 7, Summit defined these abbreviations sufficiently and the exhibit contains the information requested by Petrillo, therefore the burden no longer exists. Again, the Court will not and cannot compel Summit to do what it has already done. Thus, the motion to compel is denied as moot as it relates to Interrogatory No. 15.

**C. Rule 37 Sanctions**

Finally, in opposition to the motion to compel, Summit requests attorney's fees and costs for having to defend the motion to compel. (ECF No. 20 at 5.) Under Rule 37, sanctions are appropriate if the motion is denied unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). The Court has broad discretion regarding the type and degree of discovery sanctions it may impose pursuant to Rule 37. *See Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585 (9th Cir. 1983). Rule 37 allows for the authorization of any remedy the Court determines is "just." *See id*. at 591; *see also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706-08 (1982); Fed. R. Civ. P. 37(b)(2)(A). Summit asserts that Petrillo's motion was unnecessary, much less substantially justified. (ECF No. 20.) Here, Petrillo's motion essentially demands that Summit answer discovery already provided. Moreover, Petrillo implicitly concedes in her reply that much of the discovery has already been provided, and she inappropriately argues the merits of the

---

legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel[.]" Nev. Rules of Prof'l Conduct 3.3. *See also* Local Rule IA 11-8(d).

case. (ECF Nos. 16, 20, 21.)

However, the Court granted the motion to compel in part as to Interrogatory No. 14. Therefore, the Court does not find that the motion was frivolous or unjustified. Moreover, had Summit not taken months to provide explicit and reasoned objections, the motion likely would have been avoided entirely. Therefore, the Court finds that sanctions are inappropriate and will not impose any sanctions at this time.

However, the Court is troubled by both parties' actions which ultimately led to the filing of the motion to compel. Both parties are reminded of their obligation to follow the informal discovery dispute procedure as outlined in this Court's Standing Order prior to filing any further discovery motions. As stated above, the failure to follow the Federal Rules of Civil Procedure, Nevada Rules of Professional Conduct, Local Rules, this Court's Standing Order, or any other orders issued in this case, will result in sanctions.

## IV. CONCLUSION

Consistent with the above, **IT IS ORDERED** that Petrillo's emergency motion to compel, (ECF No. 16), is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that Summit's motion to strike, (ECF No. 22), is **DENIED**.

**IT IS SO ORDERED.**

**DATE:** March 3, 2023

______________________________
**UNITED STATES MAGISTRATE JUDGE**